Colvert agt. Hall,

# SUPREME COURT.

## ALEXANDER COLVERT, respondent, agt. GEORGE HALL, appellant.

Where judgment was rendered before the justice for the defendant for costs, and the plaintiff appealed to the county court and recovered judgment for $60 and costs; and in his notice of appeal alleged that the judgment should have been in his favor and against the defendant, and there was no evidence to warrant the judgment: .

*Held*, that this specification of the particulars in which the judgment should have been more favorable to the appellant, did not call upon the defendant to make an offer to modify the judgment, as such specification indicated only a wish to have the judgment vacated, and another entered in his favor, which was not authorized by § 371 of the Code *(See Moran agt. McClearns, ante, p. 77).*

But the plaintiff, being the prevailing party in the county court, was entitled to costs.

*Fourth Judicial Department.*
*Argued at Syracuse, November,* 1871.
*Decided at Buffalo, General Term, January,* 1872.
*Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*

*By the court,* MULLIN, *P. J.*—On the trial before the justice, the defendant recovered judgment for costs. The plaintiff appealed to the county court, and recovered judgment in that court for $60 damages together with costs.

Both parties presented to the clerk bills of costs for taxation and insertion in the record of judgment. The clerk taxed the bill of costs presented by the plaintiff, and the costs, as taxed for him, were inserted in the record. The defendant moved, at special term, to strike the costs, as allowed, from the record, and that costs be taxed in his favor

and inserted in said record. This motion was denied, and from the order denying said motion the defendant appeals.

By section 371 of the Code, the prevailing party in judgments rendered on appeal, is entitled to costs in all cases, unless the appellant shall be entitled to them pursuant to the provisions of that section.

The plaintiff, in his notice of appeal, alleges that the judgment should have been in his favor and against the defendant and there was no evidence to warrant the judgment. There is no other specification of the particulars in which the judgment should be more favorable to the appellant.

By reason of the want of such specification the defendant was not called on to make an offer to modify the judgment. If the allegation in the notice of appeal can be considered as indicating a wish to have the judgment of the justice altered it is to have that judgment altogether vacated and another entered in his favor. This cannot be done under section 371. The judgment can be modified upon complying with its provisions, but not reversed.

The case is not brought within the exceptions or limitations of section 371, and hence it follows, that the prevailing party is entitled to costs.

The order of the county court must be affirmed, with $10 costs.